The opinion of the Court was delivered by
O’Neall) C. J.
In this case it is first necessary to settle the competency of Pablo Carran.
The party objecting to him chose to examine him on his voir dire. He declared that he had no interest in this suit. This declaration is not plainly contradicted by the deed of assignment, or any thing which otherwise appears in the case. He had no interest, it seems, beyond that of agent for other párties. He brought on for other persons to Mr. Aveilhe, the assignor, a large sum of money five thousand two hundred dollars to be invested for the return voyage; to refund this sum the deed of assignment makes provision. This was an assignment for him as agent. He had, therefore, no personal interest. To disqualify him, he must have a direct, beneficial interest in the event of suit. Not .having it, it follows, that he is competent.
2. Without looking directly to the assignment, if Mr. Oar-ran is to be believed, the plaintiff is entitled to recover on the promise. Eor he has proved a promise by the defendants to pay to the assignor, or his assignee, the proceeds of the cargo of molasses. Whether that promise was made before, or after the assignment, the plaintiff) the assignee, is entitled to re *564 cover. Eor the promise proved was in direct reference to the assignment, whether made or to be madp. But the proof is of that kind, which may lead one to conclude, that it was made after the assignment, and after the verdict of the jury it is vain to ask for a nonsuit or a new trial, on the supposition, that the promise was made before the assignment. The cargo of molasses was by the assignment conveyed to the plaintiff, the promise to pay him the proceeds is in exact conformity to what law and justice require: and I think there would.be no difficulty, in maintaining the action in the name of the assignee even without proof of the express promise. The case of Ferrall vs. Paine, 2 Strob., 293, would sustain the case in that view. But when an express promise is proved there can be no objection to the assignee’s maintenance of the action, Lane, Son and Fraser vs. Winthrop, Todd and Winthrop, 1 Bay, 116.
3. There is no necessity to name the agent, in an action by the assignee. Indeed the joinder would be error. For the assignment conveys the assignor's interest to the assignee. The appointment of the agent is subsequent: he is merely appointed as a sort of custodian for the creditors.
4. It seems to me the promise is sufficiently declared upon, and therefore there is nothing in the first ground for nonsuit. But, if there be any objection to it, the money counts are quite enough. For under them, the defendants must account to the owner of the molasses (the assignee)- for the proceeds. Marvin vs. M'Crae, Rice, 171, 176.
5. On all the grounds, I think the defendants’ motion must fail. The facts were brought out possibly in a rather .obscure way. Still they have satisfied the jury: and we do not interfere unless there be manifest error.
The motion for a nonsuit or new trial is dismissed.
Johnstone and Wakdlaw, JJ., concurred.

Motion dismissed.